J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
(973) 596-4581
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC.; HOUSE OF CASH, INC.; VELVET APPLE MUSIC; COMBINE MUSIC CORP.; WARNER-TAMERLANE PUBLISHING CORP.; EMI CONSORTIUM SONGS, INC. d/b/a EMI FULL NELSON MUSIC; and PAINTED DESERT MUSIC CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MAGGIE'S AT LAKEWOOD COUNTRY CLUB, LLC d/b/a MAGGIE'S BAR & GRILL; ANDREW CAMERON; and RAEF LAWSON,<br><br>Defendants. | Civil Action No. 23-3135<br><br>*Document Electronically Filed*<br><br>**COMPLAINT** |

Plaintiffs Broadcast Music, Inc., House of Cash, Inc., Velvet Apple Music, Combine Music Corp., Warner-Tamerlane Publishing Corp., EMI Consortium Songs, Inc. d/b/a EMI Full Nelson Music, and Painted Desert Music Corporation (collectively, "Plaintiffs"), for their Complaint against Defendants Maggie's at Lakewood Country Club, LLC d/b/a Maggie's Bar & Grill, Andrew Cameron, and Raef Lawson (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

**THE PARTIES**

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Federal Rules of Civil Procedure 17(a) and 19(a).

5. Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Velvet Apple Music is a sole proprietorship owned by Dolly Parton. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Combine Music Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Consortium Songs, Inc. is a corporation doing business as EMI Full Nelson Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Painted Desert Music Corporation is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Defendant Maggie's at Lakewood Country Club, LLC is a limited liability company organized and existing under the laws of the state of New Jersey, which operates, maintains and controls an establishment known as Maggie's Bar & Grill (the "Establishment"), located at 145 Country Club Drive, Jackson, New Jersey 08701, in this district.

12. In connection with the operation of the Establishment, Defendant Maggie's at Lakewood Country Club, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Maggie's at Lakewood Country Club, LLC has a direct financial interest in the Establishment.

14. Defendant Andrew Cameron is a member of Defendant Maggie's at Lakewood Country Club, LLC with responsibility for the operation and management of that LLC and the Establishment.

15. Defendant Andrew Cameron has the right and ability to supervise the activities of Defendant Maggie's at Lakewood Country Club, LLC and a direct financial interest in that LLC and the Establishment.

16. Defendant Raef Lawson is a member of Defendant Maggie's at Lakewood Country Club, LLC with responsibility for the operation and management of that LLC and the Establishment.

17. Defendant Raef Lawson has the right and ability to supervise the activities of Defendant Maggie's at Lakewood Country Club, LLC and a direct financial interest in that LLC and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Since October 2019, BMI has reached out to Defendants over eighty (80) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

20. Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the six (6) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2

listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

22. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and

incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II)  Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV)  Plaintiffs have such other and further relief as is just and equitable.

Dated: June 7, 2023  
      Newark, New Jersey

s/ J. Brugh Lower  
J. Brugh Lower  
**GIBBONS P.C.**  
One Gateway Center  
Newark, New Jersey 07102  
(973) 596-4581  
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84    1/13/83    9/14/56    11/30/55 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    EU 418371 |
| Line 7 | Date(s) of Infringement | 2/10/23 |
| Line 8 | Place of Infringement | Maggie's Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Jolene |
| Line 3 | Writer(s) | Dolly Parton |
| Line 4 | Publisher Plaintiff(s) | Dolly Parton, an individual d/b/a Velvet Apple Music |
| Line 5 | Date(s) of Registration | 7/13/73 |
| Line 6 | Registration No(s). | Ep 314106 |
| Line 7 | Date(s) of Infringement | 2/10/23 |
| Line 8 | Place of Infringement | Maggie's Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Me And Bobby McGee |
| Line 3 | Writer(s) | Kris Kristofferson; Fred Foster |
| Line 4 | Publisher Plaintiff(s) | Combine Music Corp. |
| Line 5 | Date(s) of Registration | 7/18/69 |
| Line 6 | Registration No(s). | Ep 260746 |
| Line 7 | Date(s) of Infringement | 2/10/23 |
| Line 8 | Place of Infringement | Maggie's Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Nine to Five |
| Line 3 | Writer(s) | Dolly Parton |
| Line 4 | Publisher Plaintiff(s) | Dolly Parton, an individual d/b/a Velvet Apple Music; Warner-Tamerlane Publishing Corp. |
| Line 5 | Date(s) of Registration | 5/29/80 |
| Line 6 | Registration No(s). | PA 69-550 |
| Line 7 | Date(s) of Infringement | 2/10/23 |
| Line 8 | Place of Infringement | Maggie's Bar & Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | On The Road Again |
| Line 3 | Writer(s) | Willie Nelson |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs, Inc. d/b/a EMI Full Nelson Music |
| Line 5 | Date(s) of Registration | 2/5/80 |
| Line 6 | Registration No(s). | PAu 197-371 |
| Line 7 | Date(s) of Infringement | 2/10/23 |
| Line 8 | Place of Infringement | Maggie's Bar & Grill |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 6 | |
| Line 2 | Musical Composition | Ring Of Fire | |
| Line 3 | Writer(s) | June Carter; Merle Kilgore | |
| Line 4 | Publisher Plaintiff(s) | Painted Desert Music Corporation | |
| Line 5 | Date(s) of Registration | 11/23/90 | 9/17/62 |
| Line 6 | Registration No(s). | RE 498-587 | Ep 167400 |
| Line 7 | Date(s) of Infringement | 2/10/23 | |
| Line 8 | Place of Infringement | Maggie's Bar & Grill | |